```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
```
_____

In re:
                                                CASE NO. 07-21195

**FRANK T. SACKETT** and
**KAY L. SACKETT**,                        **AMENDED**
                         Debtors.      **DECISION & ORDER**

_____

## BACKGROUND

On May 11, 2007, Frank T. Sackett and Kay L. Sackett (the "Debtors") filed a petition initiating a Chapter 13 case, along with the required Statements and Schedules, a Chapter 13 Plan (the "Plan") and a Form B22C, Chapter 13 Statement of Currently Monthly Income and Calculation of Commitment Period and Disposable Income, (the "Debtor's Chapter 13 Means Test Form"). Although the Debtor's Schedule D listed Household Finance Corp. ("HFC") as a secured creditor holding a second mortgage (the "HFC Mortgage") on their residence at 2453 Route 64, North Bloomfield, New York (the "North Bloomfield Residence"), Paragraph 4c of the Plan did not propose to treat HFC as a secured creditor, because Paragraph 10 of the Plan indicated that its lien would be avoided in the Chapter 13 case.

On June 15, 2007, the Debtors filed a Motion (the "Pond Motion"),[1] to avoid the lien held by HFC as a wholly unsecured mortgage, pursuant to the holding of the United States Court of Appeals for the Second Circuit in *In re Pond*, 252 F.3d 122 (2d.

---

[1] This Court permits the proceeding to avoid a wholly unsecured mortgage to be initially commenced by motion rather than by an adversary proceeding.

Cir. 2001) ("*Pond*"). The Pond Motion was unopposed by HFC, and on July 13, 2007, the Court entered an Order (the "Avoidance Order"), never appealed by HFC, which provided, in part, that:

> ORDERED AND DECREED, that the following mortgages shall and hereby are declared null and void pursuant to In re Pond, 252 F.3d 122 (2d. Cir. 2001): Household Finance Corp., recorded in Ontario County Clerk's Office in Liber 1719, page 817 on March 25, 2005, and it is further
> ORDERED AND DECREED that such creditor is directed forthwith to take all steps necessary and appropriate to release its said mortgage lien and remove the same from the local judgment/tax/mortgage or other lien index, it is further
> ORDERED, that this lien is void, but shall be automatically reinstated in the event no Section 1328 or 727 discharge is entered unless the Court has ordered a different result.

On July 3, 2007, George M. Reiber, Esq., the Debtor's Chapter 13 Trustee, (the "Trustee") filed a "Report" in connection with the July 9, 2007 Confirmation Hearing on the Plan. The Report included an Objection to Confirmation (the "Objection"), which asserted that the Plan violated the Section 1325(b)(1)(B) disposable income test.

At the July 3, 2007 Confirmation Hearing, the Trustee indicated that the Debtors had not met the disposable income test because on Question 47 of Subpart C of the Debtor's Chapter 13

**BK. 07-21195**

Means Test Form[2] the Debtors included, as a secured debt payment, the $328.68 monthly payment due on the HFC Mortgage that the Plan indicated would be avoided.

## DISCUSSION

On August 28, 2007, this Court issued a Decision & Order in *In re Osborne* (Ch. 7 Case No. 07-20211 (W.D.N.Y. August 28, 2007) ("*Osborne*"), which agreed with the current majority position among Bankruptcy Courts that, for purposes of Question 42 of a Form B22A (a "Chapter 7 Means Test Form") and the calculation of a debtor's average monthly payments on account of secured debts under §707(b)(2)(A)(iii)(I), a Chapter 7 debtor could include the amounts contractually due on secured claims, even though the debtor intended to surrender the underlying collateral and had indicated such in writing on a Chapter 7 Individual Debtor's Statement of Intention.

In this Chapter 13 case, where the Court reserved decision prior to issuing *Osborne*, the Debtors filed a July 3, 2007 letter

---

[2] Subpart C: Deductions for Debt Payment, reads as follows:

"Future payments on secured claims. For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page."

**Page 3**

**BK. 07-21195**

brief that made the same arguments the debtor made in *Osborne*. However, the Trustee has asserted that those arguments are not applicable in the Debtor's Chapter 13 case because the HFC Mortgage has been eliminated and the Debtor's Plan does not propose to make any future payments on the Mortgage.

On May 11, 2007, when the Debtors filed the Debtor's Chapter 13 Means Test Form and their petition, the HFC Mortgage was a lien on the North Bloomfield Residence and HFC was a secured creditor. As a result, including the HFC monthly payments on Question 47 of the Form was proper.

However, unlike in Chapter 7 where the critical date for the Chapter 7 Means Test is the date of the petition, Section 1325(b)(1)(B)[3] specifically provides that any Means Test objection in Chapter 13 is determined as of the effective date of the Plan. Although when computing the amounts reasonably necessary to be expended for above median income debtors, Section 1325(b)(3) refers

---

[3] Section 1325(b)(1)(B) provides that:

(b)(1)  If the trustee or the holder of an allowed unsecured claim objects to the confirmation fo the plan, then the court may not approve the plan unless, as of the effective date of the plan ---

(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325 (2007).

**BK. 07-21195**

back to Section 707(b)(2) to determine the average monthly payments contractually due to secured creditors, in this Court's view, the applicable date in Chapter 13 to determine whether a creditor is a secured creditor is the effective date of the Plan.

The Debtor's Plan does not set forth a specific effective date, so it cannot otherwise be effective until it is confirmed by the Court. By the terms of the Plan, HFC is not treated as a secured creditor because the Plan specifically indicates that the HFC Mortgage lien will be avoided, and, by the terms of the Avoidance Order, the HFC Mortgage lien has been determined by this Court to be void.

As a result, for purposes of the Objection, Section 1325(b)(3) and Question 47 of a Chapter 13 Means Test Form as of the effective date of the Plan, HFC is not a secured creditor. Therefore, for purposes of the pending decision on Confirmation of the Plan, no deduction is permissible for what may have been a contractually due monthly second mortgage payment at the time the Debtor's Chapter 13 Means Test Form was completed and filed with their petition.

**Page 5**

Case 2-07-21195-PRW    Doc 41    Filed 09/12/07    Entered 09/12/07 10:22:32    Desc Main
Document    Page 5 of 6

BK. 07-21195

## CONCLUSION

The Chapter 13 Trustee's Objection is sustained. The Trustee shall restore the Debtor's case to a Confirmation Hearing Calendar for further proceedings.

**IT IS SO ORDERED.**

              /s/
**HON. JOHN C. NINFO, II
U.S. BANKRUPTCY JUDGE**

**Dated:   September 12, 2007**

Page 6